IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00193-FDW

| | |
|---|---|
| CHESTER LAMBERT LILLEY, JR., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| MATTHEW LEVCHUK, D.A., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on an initial review of the pro se complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).

Plaintiff is a prisoner of the State of North Carolina who is confined in the Alexander Correctional Institution following his conviction on drug related charges in Wilkes County on April 29, 2015. In his complaint, Plaintiff contends that his convictions were illegally obtained for, among other reasons, the assistant district attorney who prosecuted his case, Matthew Levchuk, denied him discovery prior to the entry of his guilty plea.

The Court observes that Plaintiff has filed numerous pro se § 1983 complaints while either a pretrial detainee or a state prisoner and he has been allowed to proceed in forma pauperis on more than three occasions; and more than three of the complaints have been dismissed under 28 U.S.C. § 1915A(b).[1] See (5:07-cv-00051-GCM; 5:10-cv-00147-RJC; 5:16-cv-00030-FDW; 5:16-cv-00175-FDW, 5:16-cv-00192-FDW).

The Prisoner Litigation Reform Act (PLRA) provides an express limitation on a

---

[1] Section 1915A(b) provides that the court shall dismiss a prisoner complaint if it is frivolous, malicious or fails to state a claim for relief, or if it seeks monetary damages from a defendant that is immune from that relief.

1

prisoner's ability to file a § 1983 complaint providing, in pertinent part that,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has failed to fairly allege that he is under imminent risk of physical harm; therefore his complaint is subject to dismissal pursuant to § 1915(g).

Finally, to the extent Plaintiff is challenging the legality of his confinement, the Court notes that Plaintiff has a habeas petition, filed pursuant to 28 U.S.C. § 2254, pending in this district that it is under review. (5:16-cv-00031-FDW).

Based on the foregoing, the Court finds that Plaintiff's § 1983 complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: October 28, 2016

Frank D. Whitney
Chief United States District Judge