# DISTRICT COURT OF THE UNITED STATES
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:16-cv-193-FDW

| | |
|---|---|
| **CHESTER LAMBERT LILLEY, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| **MATTHEW LEVCHUK,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's pro se letter that was docketed on February 13, 2017, as a motion for reconsideration. (Doc. No. 13).

Plaintiff filed the complaint on September 29, 2016, pursuant to 42 U.S.C. § 1983, alleging that his criminal convictions are illegal due to, among other things, the denial of discovery by the assistant district attorney who prosecuted his case, Matthew Levchuk. (Doc. No. 1). The Court dismissed the complaint on October 28, 2016, because Plaintiff failed to pay the filing fee and had three or more prior dismissals under the Prison Litigation Reform Act's "three strikes" provision. (Doc. No. 4); see 28 U.S.C. § 1915(g). Plaintiff filed a motion for the appointment of counsel that was docketed on January 6, 2017. (Doc. No.12). The Court denied the motion on February 6, 2017, because the complaint had been dismissed on initial screening and Plaintiff failed to appeal. (Doc. No. 12).

The letter that is presently before the Court seeks reconsideration of the Order denying the motion for appointment of counsel, and also appears to seek the Court's recusal. (Doc. No. 13). Specifically, Plaintiff alleges that the undersigned ruled against him in the instant case as well as

1

in case number 5:16-CV-192-FDW, by "knowingly & willingly break[ing] the law, misconduct, falsifying fake court orders," and labors under a conflict of interest. (Doc. No. 13 at 1).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny the Plaintiff's motion for reconsideration.

Plaintiff's motion for recusal is facially insufficient and will likewise be denied. Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient

affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists." Although the judge must accept as true the facts alleged in an affidavit filed under 28 U.S.C. § 144, the judge is not required to accept as true conclusory statements, opinions, or speculations. Davis v. United States, No. 1L99cv842, 2002 WL 1009728, at *1 (M.D.N.C. Jan. 8, 2002) (citing Marty's Floor Covering Co. v. GAF Corp., 604 F.2d 266 (4th Cir. 1979)). Plaintiff's conclusory allegations wholly fail to allege facts to support a showing of bias by the undersigned. Further, neither the denial of a motion for appointment of counsel in a Section 1983 prisoner action, nor an adverse ruling in another case, shows bias.[1] The motion for recusal is therefore denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Reconsideration and Motion for Recusal, (Doc. No. 13), is **DENIED**.

Signed: July 12, 2017

Frank D. Whitney
Chief United States District Judge

---

[1] Plaintiff also failed to file the required affidavit under 28 U.S.C. § 144.